GARY A. STARRE, ESQ. SBN: 72793
STARRE & COHN, APC
15760 Ventura Blvd., Suite 801
Encino, California 91436

Telephone: (818) 501-7827
Facsimile:  (818) 501-0249
Email:      gastarre@gmail.com

Attorney for Creditor Plaintiff
MARK P. GROSS

FILED & ENTERED

OCT 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum     DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SHARON KELLY AKA SHARON K. KELLY AKA SHARON KRIEGER,<br><br>Debtor.<br><br>―――――――――――――――<br><br>MARK P. GROSS,<br><br>   Plaintiff,<br>v.<br><br>SHARON KELLY, AKA SHARON K. KELLY, AKA SHARON KRIEGER,<br><br>Defendant and Debtor | Chapter No. 7<br><br>Case No. 2:17-bk-17863-RK<br>Adv. No. 2:17-ap-01415-RK<br><br>STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>(L.B.R. 7056-1(b)(2))<br><br>Date:   ~~07/17/2018~~ 09/18/2018<br>Time:   11:00 a.m.<br>Court:  1675<br><br>Assigned to: Judge Kwan |

Pursuant to Rule 56 of Federal Rules of Civil Procedure and Local Bankruptcy Rule 7056-1(b)(2), the court adopts the following STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION OF PLAINTIFF MARK GROSS

Starre & Cohn
15760 Ventura Blvd.,
Suite 801
Encino, CA
91436
(818) 501-7827

FOR SUMMARY JUDGMENT. All uncontroverted facts are supported by the Declaration of MARK P. GROSS, Electronic Case Filing Number (ECF) 67.

## I. STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff is a family law specialist attorney practicing in California. | 1. Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶ 2) |
| 2. Plaintiff was appointed as Minor's Counsel to represent the interests of the minor child of Debtor Sharon Kelly, also known as Sharon Krieger (Debtor or KELLY), and her husband, Robert Krieger (KRIEGER), in their marital dissolution case, Case No. BD497003, before the Superior Court of California for the County of Los Angeles. | 2. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95, filed on 8/17/18; see also, Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶¶ 2 and 3, and its exhibits: ECF67, Exhibit 1: Los Angeles Superior Court (LASC) Order 6/9/2009, ECF67, Exhibit 2: LASC Order 6/16/2009, ECF67, Exhibit 3: Further Am. LASC Order 7/14/2009). |
| 3. Plaintiff's appointment as Minor's Counsel was based on the findings of the Superior Court, based on the needs of the minor child and ability of the debtor to pay a portion of the fees. | 3. Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶¶ 2 and 3, and its exhibits: ECF67, Exhibit 1: LASC Order 6/9/2009 ECF67, Exhibit 2: LASC Order 6/16/2009 ECF67, Exhibit 3: Further Am. LASC Order 7/14/2009). |
| 4. After the Superior Court relieved Plaintiff of his duties as Minor's Counsel on October | 4. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see |

STARRE & COHN
15760 VENTURA BLVD., SUITE 801
ENCINO, CA 91436
(818) 501-7827

| | |
|---|---|
| 15, 2010, the Superior Court re-appointed Plaintiff as Minor's Counsel on October 17, 2011. | also, Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶¶ 4 and 5, and its exhibits: ECF67, Exhibit 4: LASC Judgment 10/15/2010 ECF67, Exhibit 5: LASC Order and M.O. 10/17/2011). |
| 5. Plaintiff's re-appointment as Minor's Counsel was based on the findings of the Superior Court, based on the needs of the minor child and ability of Debtor to pay a portion of the fees. | 5. Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶ 5, and its exhibits: ECF67, Exhibit 5: LASC Order and M.O. 10/17/2011). |
| 6. Debtor was ordered to pay 50% of the Plaintiff's fees incurred as Minor's Counsel. | 6. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see also, Declaration of Mark P. Gross (ECF67 pp. 18-21, ¶ 7, and exhibit: ECF67, Exhibit 7: LASC Order 12/14/2012). |
| 7. The Superior Court Judge received evidence and argument in the form of declarations and memoranda of points and authorities GROSS'S REQUEST FOR ORDERS (RFO), and opposition declarations and points and authorities from Plaintiff and | 7. (a) Declaration of Mark P. Gross, ECF67 pp. 20-21, ¶10-12 and exhibit thereto; ECF67, Exhibit 8 (ECF 67, pp. 73-77): LASC Order 3/16/2015 Ruling on Submitted Matter; |

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| Debtor, on the issues as to whether the fees were for representation as Minor's Counsel, as to reasonableness, and as to accuracy of the fees. | (b) Decl. of Mark P. Gross ECF68, and Exhibits 10, 11, 12, 13, 14, 15 thereto: <br><br> (i) ECF68, Exhibit 10, p.25: MARK GROSS Request for Order (fee application) and supporting declarations 8/14/2014, **(NOTE ECF68 Ex.10 pp.75-78 is a chart submitted in evidence in state court action showing how all payments were allocated from 7/1/2009 to 7/31/2014 including the community property-sourced payments from Mr. Krie**ger); and Jill Street's notice of errata 9/12/2014; <br><br> (ii) **ECF 68, Exhibit 11 p.86, 90:6-92:14)** Defendant **KELLY** Petitioner's Opposition Declaration **(on the issue of the application of the alleged Community Property (CP) payments)** and 92:17-28 (on the issue of ability to pay); |

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

4

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

and **Defendant KELLY'S Points and Authorities ECF68, Ex.11, pp100-106:19 (on ability to pay) and ECF68, Ex.11, pp. 106:19-109:14 (on the alleged CP payments)** and Exhibits (Income and Expense Declaration of KELLY on the ability to pay issue) at ECF68, Ex.11-pp 113-116, 159-161, 163-164 (escrow stmt). Ex. 6 **(ECF68, Ex.11 pp328-332) on CP payments issue.**

(iii) ECF 68, Exhibit 12, p.366-396: KRIEGER'S Further Response to Minor's Counsel Motion and the Court's Tentative Ruling 12/21/2014 opposing KELLY'S position on the source of payments and ability to pay.

(iv) ECF68, Exhibit 13, pp397-550 KELLY'S Responsive Declaration & P&A to Minor's Counsel Request for Order, **Petitioner's (KELLY) Audit**

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

5

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

and **Objections to Minors Counsel Mark Gross's billing** 2009 to present 12/22/2014, legal argument and declaration testimony challenging of GROSS'S accuracy and reasonableness of fees charged (ECF 68, Ex.13, pp. 400:20-424:22) and **argument and testimony by declaration on the CP payments issue ECF 68, Ex.11, pp. 425:1-426:19** and ECF 68, Ex.11, pp430:20-432:20 (on issue of reasonableness of fees)

(v) Exhibit 14 (ECF68, Ex. 14, pp. 551 Respondent's (KRIEGER) Analysis of Petitioner and Attorney Schwartz's Financial Statements and Request for Legal Fees 12/31/2014 (responding to KELLY on need and ability, and the audit)

| | |
|---|---|
| | (vi) ECF 68, Ex.15, pp.613)  KRIEGER'S Further Response to Minor's Counsel's Motion |
| 8. **The Superior Court Judge received evidence and argument in the form of declarations and memoranda of points and authorities from both Plaintiff and Debtor over how to allocate the payments from Robert Krieger which Debtor claims were from community property sources and should have been allocated in part to her.** | 8. (a) ECF 77, Ex. C, p.93 Decl. of Sharon Kelly (Transcript of 2/27/2015)  on issues reasonableness and ability to pay ECF77, Ex. C,pp.93, 96:3-97:10**; spreadsheets on how payments applied and amount owed by each – ECF77 pp97:15-98:28, 98:18-22, 99:9-104:9**, AND  (b) Decl. of Mark P. Gross ECF68, and Exhibits 10, 11, 12, 13, 14, 15 thereto:  (i) ECF68, Exhibit 10, p.25: MARK GROSS Request for Order  (fee application) and supporting declarations 8/14/2014,  **(NOTE ECF Ex.10 pp.75-78 is a chart submitted in evidence in state court action showing how all payments were allocated from** |

7

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

**7/1/2009 to 7/31/2014 including the community property-sourced payments from Mr. Krieger); and Jill Street's notice of errata 9/12/2014

(ii) ECF 68, Exhibit 11 p.86, 90:6-92:14) Defendant KELLY Petitioner's Opposition Declaration (on the issue of the application of the alleged CP payments)** and 92:17-28 (on the issue of ability to pay) and **Defendant KELLY'S Points and Authorities ECF68, Ex.11, pp100-106:19 (on ability to pay) and ECF68, Ex.11, pp. 106:19-109:14 (on the alleged CP payments)** and Exhibits (Income and Expense Declaration of KELLY on the ability to pay issue) at ECF68, Ex.11-pp 113-116, 159-161, 163-164 (escrow stmt). Ex. 6 **(ECF68, Ex.11 pp328-332) on CP payments issue.**

STARRE & COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

(iii) ECF 68, Exhibit 12, p.366-396: KRIEGER'S Further Response to Minor's Counsel Motion and the Court's Tentative Ruling 12/21/2014 opposing KELLY'S position on the source of payments and ability to pay.

(iv) ECF68, Exhibit 13, pp397-550 KELLY'S Responsive Declaration & P&A to Minor's Counsel Request for Order, **Petitioner's (KELLY) Audit and Objections to Minors Counsel Mark Gross's billing** 2009 to present 12/22/2014, legal argument and declaration testimony challenging of GROSS'S accuracy and reasonableness of fees charged (ECF 68, Ex.13, pp. 400:20-424:22) and **argument and testimony by declaration on the CP payments issue ECF 68, Ex.11, pp. 425:1-426:19** and ECF 68, Ex.11, pp430:20-432:20 (on issue of reasonableness of fees)

STARRE & COHN
15760 VENTURA BLVD., SUITE 801
ENCINO, CA 91436
(818) 501-7827

| | |
|---|---|
| 9. After receiving evidence in the form of declarations, memoranda of points and authorities, and exhibits from KELLY, GROSS and KRIEGER, the Superior Court held a hearing on February 27, 2015, on the issues of reasonableness, accuracy, **and the allocation of the allegedly community property payments, and was presented with a spreadsheet showing how the payments were applied.** | 9. Decl. of Sharon Kelly, ECF77 and exhibits thereto: ECF77, Exhibit C, p.93 (Transcript of 2/27/2015): reasonableness and ability to pay ECF77, pp.93, 96:3-97:10**; spreadsheets on how payments applied and amount owed by each – ECF77 pp97:15-98:28, 98:18-22, 99:9-104:9**. |
| 10. At the hearing before the Superior Court on February 27, 2015, KELLY's counsel, and GROSS presented argument regarding the hourly rate being charged, the allocation issue, need and ability to pay and reasonableness and accuracy of the Minor's Counsel Request for Order. | 10. ECF77, Exhibit C, pp.98:4-104:9 (Transcript of 2/27/2015 Page:Line no. 5:4-11:9) |
| 11. At the hearing before the Superior Court on February 27, 2015, Link K. Schwartz (SCHWARTZ), KELLY's counsel, and GROSS presented argument regarding **application of the alleged community property** sourced payments made by | 11. ECF77, Exhibit C, pp.118:23-124:3 (Transcript of 2/27/2015 Page:Line. 25:23 – 31:3) |

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

| | |
|---|---|
| KRIEGER, with KELLY arguing that GROSS had not properly credited KELLY for payments made. | |
| 12. SCHWARTZ argued at the hearing that KELLY was entitled to credit for $85,914.19 on account of payments made by KRIEGER from alleged community funds. | 12. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see also, ECF 77, Exhibit C, pp. 123 (Transcript of 2/27/2015 Page:Line no. 30:26) |
| 13. SCHWARTZ also argued that it was KRIEGER who was misusing community assets to pay a separate property debt, because each of the parties separately owes the debt to Minor's Counsel. | 13. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see also, ECF 77, Exhibit C, pp. 122 (Transcript of 2/27/2015 Page:Line no. 29:2-29:8) |
| 14. The **Superior Court Judge ruled on the issue of adjustment of the alleged community payments** by stating "…we can, for purposes of, you know, releasing minor's counsel from this case as long as there is an amount that…..is adjudged or agreed to be how much he is owed. **If there are then credits or reimbursements from one party or the other, that could be done down the road**." | 14. ECF 77, Exhibit C, pp. 125 (Transcript of 2/27/2015 Page:Line no. 32:3-10) |

STARRE & COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| 15. KRIEGER stated on the record that **some community funds were used to pay Minor's Counsel, but argued that those were allocated earlier in the case by the previous Judge Shaller with whom he did not agree.** | 15. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see also, ECF77, Exhibit C, pp. 131:17-22, 135:20-136:4 (Transcript of 2/27/2015 Page 38:17-21, 42:20-43:4). |
| 16. The Superior Court Judge ruled that there were no further reserved issues on GROSS'S Request for Order, rejecting a request by SCHWARTZ for further reserved issues. | 16. Not Disputed – Defendant's Statement of Genuine Issues of Material Fact, ECF 95; see also, ECF 77, Exhibit C, pp. 143:23-28 (Transcript of 2/27/2015 Page:Line no. 50:23-28). |
| 17. **On March 16, 2015, the Superior Court Judge determined that KELLY owed GROSS $70,900.58 and awarded him that amount, as and for minor's counsel fees against the debtor, thereby accepting GROSS'S method of accounting for the payments received, and rejecting KELLY'S arguments about crediting her with half of certain payments.** | 17. ECF 67, Exhibit 8 (ECF 67, pp. 73-77): LASC Order 3/16/2015 Ruling on Submitted Matter. |
| 18. Omitted. | 18. Omitted |
| 19. Omitted. | 19. Omitted. |

## II. CONCLUSIONS OF LAW

| CONCLUSIONS OF LAW | SUPPORTING AUTHORITY |
|---|---|

STARRE & COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

| | |
|---|---|
| 1. The Court may grant summary judgment on each claim on which it is sought if the moving party establishes that "there is no genuine dispute as to any material fact and movant is entitled to judgment as a matter of law." | 1. Fed. R. Civ. P. 56(a) |
| 2. An issue of material fact is only "genuine" if the evidence permits a reasonable fact finder to "return a verdict for the nonmoving party." | 2. *Farris v. City of Riverside* 667 F. Supp. 2d 1151, 1155 (C.D. Cal. 2009) |
| 3. Omitted. | 3. Omitted. |
| 4. The court has jurisdiction over determinations of dischargeability of debt. | 4. 28 U.S.C. §§157(b)(2)(I) and 1334, *In re Jodoin,* 209 B.R. 132 (9th Cir. BAP 1997). |
| 5. Nondischargeable Domestic Support Obligation includes a debt which is in the nature of support. | 5. 11 U.S.C. §§ 101(a)(14A) and 523(a)(5). |
| 6. The Superior Court's determination that Debtor owes Plaintiff for her share of the attorneys' fees as Minor's Counsel has collateral estoppel effect because the issue of Debtor's liability for Plaintiff's fees as Minor's Counsel is identical to the one decided in Debtor's marital dissolution case before the Superior Court, that issue was actually litigated in that proceeding, that issue | 6. *In re Harmon,* 250 F.3d 1240, 1245 (9th Cir. 2001), citing, *Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990); *In re Bugna,* 33 F.3d 1054, 1057 (9th Cir. 1994), citing, 28 U.S.C. §1738. |

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| was necessarily decided in that proceeding, the Superior Court's determination is final and on the merits and the party against whom preclusion is sought, Debtor, is the same in the prior proceeding. | |
| 7. Fees that are payable by a party in a marital dissolution action to a professional for services incurred for and on behalf of that party's minor children is in the nature of support. | 7. In re *Chang* 163 F.3d 1138 (9th Cir. 1998). |
| 8. Attorneys' fees payable to Plaintiff as Minor's Counsel are in the nature of child support and thus nondischargeable in bankruptcy. | 8. In re *Peters*, 964 F.2d 166 (2nd Cir. 1992); 11 U.S.C. §§ 101(a)(14A) and 523(a)(5). |
| 9. A debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record | 9. 11 U.S.C. § 523(a)(15). |
| 10. That a court award of attorneys' fees and costs to an attorney for a non-debtor former | 10. In re *Tritt,* 2014 WL 1347763 (Bankr. E.D. Tex. 2014). |

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

| | |
|---|---|
| spouse in post-divorce litigation between the parties should be construed as a debt of the former spouse. "Whether a fee is due to a former spouse or to the attorney of a former spouse has been determined to be irrelevant…" | |
| 11. Attorneys' fees and costs awarded "in connection with" a divorce decree or other order of a court of record, as that term is used in §523(a)(15), are nondischargeable under 11 U.S.C. § 523(a)(15) | 11. 11 USC § 523(a)(15); In re *Tritt,* 2014 WL 1347763 (Bankr. E.D. Tex. 2014); In re *Prensky,* 416 B.R. 406, 409-412 (Bankr. D. N.J. 2009), In re *Adam,* 2015 WL 1530086 (9th Cir. BAP 2015). |
| 12. Interest on a nondischargeable debt is also nondischargeable. | 12. In re *Gosney,* 205 B.R. 418 (9th Cir. BAP 1996). |
| 13. Interest on a debt which arose under state law bears interest governed by state law. | 13. In re *Niles,* 106 F.3d 1456, 1463 (9th Cir. 1996). |

IT IS SO ORDERED.                                        ###

Date: October 9, 2018

_____
Robert Kwan
United States Bankruptcy Judge

STARRE & COHN
15760 VENTURA BLVD., SUITE 801
ENCINO, CA 91436
(818) 501-7827